850 F.2d 690
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles SMOTHERS, Defendant-Appellant.
 No. 87-5647.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 5, 1988.
Decided: July 1, 1988.
 
 Karl F. Weickhardt, for appellant.
 William G. Otis, Assistant United States Attorney (Henry E. Hudson, United States Attorney; Roscoe C. Howard, Jr., Assistant United States Attorney, on brief), for appellee.
 Before WIDENER and SPROUSE, Circuit Judges, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Charles Smothers appeals his conviction for possessing with intent to distribute pentazocine, a Schedule IV controlled substance, in violation of 21 U.S.C. Sec. 841(a)(1), and for possessing pentazocine while a prisoner, in violation of 18 U.S.C. Sec. 13, assimilating Va.Code Ann. Sec. 53.1-203(5) (1982).[1] Smothers, a prisoner at the Central Facility of the District of Columbia's Lorton Reformatory in Lorton, Virginia, was charged after officers discovered the pentazocine in his locker during a routine search of the facility. Smothers contests the application of Va.Code Sec. 53.1-203(5) to his case and alleges ineffective assistance of counsel. We affirm.
 
 
 2
 Smother's argument concerns the construction of two overlapping provisions of Va.Code Sec. 53.1-203, which concerns crimes by prisoners. Smothers was charged under subsection 5 of the statute, which makes it a felony for a prisoner to "[p]rocure, sell, secrete or have in his possession any chemical compound which he has not lawfully received." Subsection 6, which was enacted after subsection 5, 1978 Va.Acts ch. 177, makes it a felony for a prisoner to "[p]rocure, sell, secrete or have in his possession a controlled substance classified in Schedule III of the Drug Control Act (Sec. 54-524.1 et seq.) or marijuana." Under Virginia's general criminal statutes, which are set forth in Title 18.2, possession of substances classified in Schedules III, IV, V, and VI is a misdemeanor, while the possession of substances in Schedules I and II is a felony.
 
 
 3
 Smothers acknowledges that the term "any chemical compound" in subsection 5 of Sec. 53.1-203 is broad enough to include pentazocine and other Schedule IV substances, but he asserts that subsection 6 precludes the application of subsection 5 to a Schedule IV substance offense. Smothers argues that in enacting subsection 6, specifically elevating Schedule III substance offenses by prisoners to felonies, the Virginia General Assembly signalled by implication its intent that Schedule IV, V, and VI substance offenses by prisoners be treated as misdemeanors pursuant to the general criminal code. We disagree.
 
 
 4
 In essence, Smothers argues that subsection 6 of Sec. 53.1-203 repealed subsection 5 by implication. It is a "cardinal rule ... that repeals by implication are not favored." Morton v. Mancari, 417 U.S. 535, 549 (1974), quoting Posadas v. National City Bank, 296 U.S. 497, 503 (1936). Indeed, without some affirmative showing of an intention by the legislature to repeal, courts will find a repeal by implication only when the earlier and later statutes cannot be reconciled. TVA v. Hill, 437 U.S. 153, 189-90 (1978); Mancari, 417 U.S. at 550. We find no irreconcilable differences between subsections 5 and 6 of Sec. 53.1-203. The General Assembly's explicit treatment of Schedule III substances in subsection 6 does not conflict with the general proscription in subsection 5 concerning "any chemical compound ... not lawfully received." Likewise, we perceive no conflict between Sec. 53.1-203(5) and the relevant provisions of Title 18.2 of the Code. Section 53.1-203(5) is a part of Title 53.1, which encompasses matters related to prisons, prisoner crimes, and other matters of correction, while Title 18.2 defines crimes generally for application throughout the Commonwealth.
 
 
 5
 Smother's remaining complaint that he received ineffective assistance of counsel at trial is not supported by the record. Accordingly, the judgment of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 18 U.S.C. Sec. 13 provides:
 Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.